Totten, J.,
delivered the opinion of th'e court.
The relator, W. K. Turner, judge of the criminal court of Davidson, &c., represents in his petition, that the comptroller, A. E. Crozier,- refuses to issue his treasury warrant for the full amount of salary, to which the relator, in virtue of his said office, is entitled: and prays that a mandamus he awarded to enforce the said comptroller to perform the duty of his office in that hehalf.
The comptroller answers, and shows cause against the mandamus, insisting that the relator is not entitled by law to the salary which he claims.
A peremptory mandamus was awarded, and the respondent appealed in error.
The question is, to what salary is the relator entitled?
The criminal court of the county of Davidson was established in 1842, and the salary of the judge fixed at $1000 p&r annum. At the session 1847-8, there was further legislation in regard to this officer. Vid. Acts 1847-8, ch. 21, and ch. 121, to the following effect: - The judge of the criminal court was rendered competent to grant the writs of certiorari, supersedeas and attachments at law, in all cases where the circuit judge was competent to grant the same. Also, to grant injunctions and attachments in chancery, and to make orders therein, in the same manner as the circuit judge. Also, the said judge was to hold the criminal courts then established at Clarksville, Lebanon and Murfreesboro’, in *412 addition to the court at Nashville. These courts tó be held each three times a year. The court at Lebanon was afterwards abolished. He was also rendered competent to hold the circuit courts of the State, with the same powers of course, as a circuit judge. And as to his salary, it was provided as follows:
“The judge of said court, hereafter to be elected, shall have the same salary as the circuit judges of the State, to be paid in the same way, and shall not practice law in the State courts.”
By this legislation, the powers and duties of this officer, were greatly extended and enlarged. In addition to the criminal courts, which it was his duty to hold, he was invested with the powers of a circuit judge in vacation and term, as we have stated: and it is to be inferred that it was his duty to perform these functions of the circuit judge whenever it became necessary, and it was possible to do so.
Hence it is evident, that having reference to these powers and duties, the legislature considered it proper and just, to give to the iucumbent the salary of a circuit judge, which is done, not by naming a specific sum, but by reference to the salary affixed to the other officer.
Now how is the salary of the judge of the criminal court to be ascertained? The act in itself states no amount, but refers to the salary of the circuit judge, and says that his salary shall be the same. The salary of the circuit judge, under the act 1835, ch. 7, was fifteen hundred dollars per annum. It was raised by the act of 1854, ch. 27, to eighteen hundred dollars. The act of 1835, being repealed by the act of 1854, we *413 must look to the latter act — to the law in force — for the salary of the circuit judge, which in direct terms, is made the salary of the judge of the criminal court.
It is argued for respondent, that the act had reference to the salary then paid to the circuit judges.
To this we answer, that the act is general in its terms, contains no restrictive clause, and is expressive of a plain and evident intention on the part of the legislature to make the salary of this officer, equal to the salary of the circuit judge — the words are, he “shall have the same salary as the circuit judges of the State.”
The provision is in words of the present time, and has reference to the salary of the circuit judges at the present time, be it greater or less.
We are not to suppose, in the absence of any law to that effect, that the legislature has changed its purpose, and now intends the salary of this officer to be less than the salary of the circuit judge.
We have no power to say so, and no guide to find the salary in question, except' by reference to the salary for the time being, of the circuit judge, and to that we think the relator is entitled.
To this effect let a peremptory mandamus be awarded.